COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judge Humphreys and Senior Judge Annunziata
Argued at Alexandria, Virginia

UNPUBLISHED

FRANCISCO GARCIA-TIRADO

v.     Record No. 1982-15-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE ROSEMARIE ANNUNZIATA
MARCH 7, 2017

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Daniel S. Fiore, II, Judge

William H. Miller, Assistant Public Defender, for appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Francisco Garcia-Tirado ("appellant") appeals his conviction of rape. On appeal,

appellant contends the trial court erred in denying his motion to suppress his statement to the police.

Specifically, appellant argues the trial court erred in finding that he knowingly and voluntarily

waived his rights under Miranda v. Arizona, 384 U.S. 436 (1966). For the reasons that follow, we

affirm appellant's conviction.

BACKGROUND

"[T]he inquiry [of] whether a waiver of Miranda rights was made knowingly and

intelligently is a question of fact, and the trial court's resolution of that question is entitled on

appeal to a presumption of correctness." Harrison v. Commonwealth, 244 Va. 576, 581, 423

S.E.2d 160, 163 (1992). "This factual finding will not be disturbed on appeal unless plainly

wrong." Id. (quoting Watkins v. Commonwealth, 229 Va. 469, 477, 331 S.E.2d 422, 429-30

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(1985)). When a motion to suppress is reviewed on appeal, we examine the records of both the suppression hearing and the trial. See Rodriguez v. Commonwealth, 40 Va. App. 144, 149 n.1, 578 S.E.2d 78, 80 n.1 (2003) (citing DePriest v. Commonwealth, 4 Va. App. 577, 583, 359 S.E.2d 540, 542-43 (1987)).

Appellant was charged with committing rape in January 2015 against fourteen-year-old E.O. Appellant lived in an apartment with E.O., her mother, and other relatives. At the time, appellant was nineteen years old and had no prior experience with law enforcement officials. Appellant was a native of Guatemala, but he had lived in the United States for two years. Appellant's native language was Mam. Appellant had twelve years of experience speaking Spanish, and he had attended school in Guatemala. In the United States, he worked in landscaping and was enrolled in an English class at a local school.

The police arrested appellant on February 13, 2015 and held him in an interview room for about three hours. While the police were conducting an interview of E.O., appellant responded in English to police officers' questions regarding his need to use the restroom and the availability of something to drink.

After interviewing E.O., Detective Saundra Lafley and Deputy Samira Denardo joined appellant in the interview room. They conversed with appellant, first in English, then in Spanish with Denardo acting as an interpreter. Appellant acknowledged that he spoke Spanish and "a little bit" of English. Lafley told appellant she wanted to read a document to him, and asked if he was more comfortable with English or Spanish. Through Denardo, who interpreted the interchange, appellant said that "Spanish would be fine." Denardo presented a form reciting appellant's Miranda rights in Spanish to appellant, who read it aloud in Spanish. One side of the form contained a recitation of Miranda rights in English. The reverse side, which appellant signed, contained a recitation of Miranda rights in Spanish. Appellant expressed no lack of

understanding of either the content or the meaning of what he read. Appellant signed the form which indicated his rights had been read to him and that he understood them.[1]

After signing the rights waiver form, appellant continued to talk to the police and answer questions. During the ensuing conversation, which was recorded on videotape, Denardo translated Lafley's questions from English into Spanish and posed the questions to appellant. Appellant responded to the questions in Spanish. Denardo translated appellant's responses from Spanish to English for Lafley's benefit. Appellant communicated in English at some points, but at all other times in Spanish. Appellant's answers to the questions were responsive and consistent with the question asked.

Initially, appellant admitted that he had kissed the victim once, but denied having sex with her. Eventually, appellant admitted getting on top of the victim once and that his penis could have rubbed against her skin. Appellant also admitted that he pulled down the victim's pants and could have ejaculated inside her. At the conclusion of the interview, Lafley offered appellant the opportunity to write a letter of apology to E.O. Appellant did so and, spontaneously, wrote the letter in Spanish. The letter of apology contained numerous spelling and grammatical errors.

## ANALYSIS

The sole issue in the case is whether the trial court erred in finding appellant sufficiently comprehended his <u>Miranda</u> rights so that he could knowingly and intelligently waive them.[2]

---

[1] Although the Commonwealth attached the <u>Miranda</u> form in Spanish to its brief in opposition to appellant's motion to suppress, it did not introduce the <u>Miranda</u> form at the suppression hearing. However, the form was introduced at trial.

[2] Appellant further contends on appeal that the Commonwealth failed to establish that he was actually or adequately advised of his <u>Miranda</u> rights because the <u>Miranda</u> form was not introduced at the suppression hearing and no interpreter translated Denardo's recitation of his

> Longstanding principles of federal constitutional law require that a suspect be informed of his constitutional rights to the assistance of counsel and against self-incrimination. These rights can be waived by the suspect if the waiver is made knowingly and intelligently. The Commonwealth bears the burden of showing a knowing and intelligent waiver. Whether the waiver was made knowingly and intelligently is a question of fact that will not be set aside on appeal unless plainly wrong.

Jackson v. Commonwealth, 266 Va. 423, 432, 587 S.E.2d 532, 540 (2003) (citations omitted). In determining whether there has been a valid waiver of Miranda rights, the court should consider "the background, experience, and conduct of the accused." Bunch v. Commonwealth, 225 Va. 423, 433, 304 S.E.2d 271, 276 (1983) (quoting Edwards v. Arizona, 451 U.S. 477, 482 (1981)).

Appellant asserts the trial court erred in finding the evidence proved he knowingly waived his Miranda rights and voluntarily made the incriminating statements that followed because his native language is Mam, not English or Spanish, and that he was not provided a Mam interpreter to translate the exchange he had with the police regarding his rights. As further evidence he did not understand the meaning of the verbal exchange about his Miranda rights that he had with the police, appellant points to the lack of proficiency in Spanish demonstrated by his letter of apology to the victim, his lack of any prior interaction with law enforcement, and, by implication, his lack of prior knowledge about and experience with the rights at issue.

---

rights in Spanish for the trial court. However, in his motion to suppress, appellant did not challenge the contents of the Miranda rights form or otherwise contend that, as set out in the form, they inadequately advised him of his rights. Thus, the trial court, in its letter opinion, declined to sustain appellant's motion to suppress on these grounds, reasoning, "To permit [appellant] to rely upon such previously undisclosed ground would prejudice the Commonwealth, absent permitting the Commonwealth to reopen presentation of evidence." Accordingly, because appellant did not adequately present this portion of his argument for the trial court's consideration, he likewise did not preserve this contention for review on appeal. See Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.").

Certainly, "language difficulties may impair the ability of a person in custody to waive [his Miranda] rights in a free and aware manner." United States v. Heredia-Fernandez, 756 F.2d 1412, 1415 (9th Cir. 1985). However, "[t]here is no obligation to use a suspect's native language, as long as he has sufficient command of the language in which he was warned to waive his rights intelligently and knowingly." United States v. Munoz, 748 F. Supp. 167, 170 (S.D.N.Y. 1990). In State v. Rios, 696 S.E.2d 608, 610 (S.C. Ct. App. 2010), a case similar to the one at bar, the police advised the defendant, a native of Mexico, of his Miranda rights using a card printed in Spanish rather than his native language of Tarascan. The defendant acknowledged reading and understanding his rights, and gave a statement to the police in Spanish. Id. The police officer who posed the questions to the defendant in Spanish had no difficulty communicating with him in that language. Id. The South Carolina Court of Appeals found the evidence supported the trial court's conclusion that the defendant knowingly and intelligently waived his Miranda rights and that his statement was admissible. Id. at 611.

Here, the trial court reviewed the videotape of the interview and noted appellant's demeanor and level of comfort conversing in Spanish. It observed no lack of understanding on appellant's part, noting "insufficient indicia of confusion" and no "need to restate conversation repeatedly." In its letter opinion, the trial court concluded, "It may be a fact that Spanish was not [appellant's] first language, but all [that] is needed here is to prove that he understood Spanish. He did."

We agree. Although Spanish was not his first language, at the time of the interrogation appellant had been speaking Spanish for twelve years. When asked about his language preference, appellant said that Spanish would be "fine." Using a form written in Spanish, the police advised appellant of his rights under Miranda. Appellant read the form aloud. He acknowledged he understood his rights by signing the form. Appellant then participated in an

interview with the police in Spanish. He gave no indication that he did not understand the questions posed to him, and his answers in Spanish were responsive and consistent with the questions asked. When weighed against the other evidence in the case, the spelling and grammatical errors in his written apology letter do not show he did not understand Spanish or the words he selected to write the letter. Finally, although the rights waiver form was not admitted at the suppression hearing, it was admitted at trial. As noted above, on appeal of the trial court's decision we consider the evidence introduced both at the suppression hearing and at trial. See Rodriguez, 40 Va. App. at 149 n.1, 578 S.E.2d at 80 n.1. The signed form, written in both Spanish and English, clearly shows appellant knowingly and voluntarily waived his Miranda rights. Accordingly, we find no error in the trial court's denial of appellant's motion to suppress.

CONCLUSION

For the foregoing reasons, we affirm appellant's conviction.

Affirmed.